UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN L. MORRISON,

    Plaintiff,

v.                                            CASE No. 8:06-CV-990-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security does not adequately evaluate certain medical opinions, it will be reversed and the matter remanded for further consideration.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

The plaintiff, who was fifty-four years old at the time of the administrative hearing, has worked, most relevantly, as a group home manager and a job coach (Tr. 14, 63, 74, 122). She filed a claim for Social Security disability benefits, alleging that she became disabled due to eight ruptured discs in her spine, arthritis, and partial loss of use of her right arm (Tr. 62). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of status-post right shoulder arthroscopy, degenerative disc or probable herniated disc in the cervical spine, and obesity (Tr. 16, 21). He concluded that these impairments restricted the plaintiff to light work with only occasional climbing, balancing, stooping, crouching, crawling and kneeling (Tr. 20, 21). He also limited the plaintiff from frequent reaching or pulling overhead with her right upper extremity (id.). The law judge restricted the plaintiff further to gross manipulation with her dominant right hand of only light objects (id.). He found, however, that the plaintiff is capable of frequently looking down (id.). The law judge determined, based upon the testimony of a vocational expert, that the plaintiff could return to her past relevant employment as a group home worker and job coach (Tr. 21).

Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff was injured while working as a group manager for a mental health home (Doc. 17, p. 5 n.2). The injury occurred when, as she

was driving clients in a van, a client removed his seat belt, got up from his seat and repeatedly hit the plaintiff with his fist in her head, neck, shoulder, arm and back (id.; Tr. 281). The plaintiff has had physical problems as a result. Accordingly, the law judge determined that the plaintiff has severe impairments of status-post right shoulder arthroscopy, degenerative disc or probable herniated disc in the cervical spine, as well as obesity (Tr. 16). The law judge concluded, however, that the plaintiff had the residual functional capacity for a range of light work and thus could perform her past relevant work as a group home manager and job coach (Tr. 21). The plaintiff essentially challenges the law judge's determination of the plaintiff's residual functional capacity.

The plaintiff argues first, and chiefly, that the law judge improperly rejected the physical residual functional questionnaires completed by two of her treating physicians (Doc. 17, pp. 12-18). Dr. Athena Valencia, her primary care doctor, and Dr. Adam Morse, the physician who treated her shoulder problem, each indicated on the questionnaire that the plaintiff, in essence, would not be capable of working.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such

weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The questionnaire completed by Dr. Morse, an orthopedist, generally indicates that the plaintiff is unable to work. For example, Dr. Morse opined that the plaintiff's pain and other symptoms would constantly interfere with her attention and concentration (Tr. 358). He further indicated that the plaintiff could rarely lift less than ten pounds and never lift ten pounds (Tr. 360). Based on this lifting restriction, the plaintiff would not be able to perform light work as that work requires the ability to lift or carry objects weighing up to ten pounds frequently and to lift or carry up to twenty pounds occasionally. 20 C.F.R. 404.1567(b). Dr. Morse also opined that the plaintiff would have good days and bad days and would likely be absent from work more than four times a month. At the hearing, the vocational expert explained that the plaintiff would not be capable of working if the plaintiff were absent that many times in a month (Tr. 415).

The law judge discounted Dr. Morse's opinions and gave the following reasons for doing so (Tr. 18):

> It appears that Dr. Morse's opinions are somewhat internally inconsistent. Although Dr. Morse had a treating relationship with the claimant, his opinion in April 2005 is without substantial support from the other evidence of record and it appears that he apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to accept as true most, if not all, of what the claimant reported despite objective evidence. Yet, as discussed elsewhere in this decision, there exists good reasons for questioning the reliability of the claimant's subjective complaints. Additionally, his opinion appears to rest, at least in part, on an assessment of an impairment outside of his area of expertise. Furthermore, the issue of disability is reserved to the Judge by delegation from the Commissioner. Therefore, the undersigned finds Dr. Morse's opinion in April 2005 less than persuasive and finds his opinion in November 2003 generally persuasive because it is consistent with the medically acceptable clinical and diagnostic evidence of record as a whole.

To some extent, the rejection of Dr. Morse's opinions was reasonable and adequately explained. For example, the law judge could appropriately discount limitations opined by Dr. Morse based upon depression as being outside his area of expertise. The law judge could instead give

greater weight to the opinions of the examining and reviewing psychologists regarding the plaintiff's concentration (Tr. 290, 292, 314).

Further, the law judge could reasonably conclude that Dr. Morse took at face value the plaintiff's subjective complaints and, in resolving this case, could make the determination that those complaints are not fully credible (Tr. 19). The responsibility for making such a determination in the assessment of the plaintiff's claim for benefits is committed to the law judge. 20 C.F.R. 404.1527(e)(l). Consequently, the law judge was authorized to discount Dr. Morse's opinion that the plaintiff would miss more than four days of work per month (see Tr. 360).

On the other hand, Dr. Morse stated certain specific opinions regarding the plaintiff's functional limitations that are within his area of expertise. In particular, he opined that the plaintiff cannot engage in any overhead reaching with the right arm. Moreover, he said that consistently, both on November 25, 2003, and on April 21, 2005 (Tr. 264, 360). The law judge clearly did not accept that opinion since his hypothetical question to the vocational expert included the ability to engage occasionally in overhead reaching with the right arm (Tr. 413).

Because of the inclusion of this less restrictive limitation in the hypothetical question, the law judge needed to provide a cogent explanation for that reduced limitation in order for the hypothetical question to be valid. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). However, there is nothing in the law judge's discussion of Dr. Morse's opinions that sets forth good cause for rejecting Dr. Morse's opinion that the plaintiff was precluded from overhead reaching with her right arm (Tr. 18). Consequently, the hypothetical question, which was the basis for the finding that the plaintiff could return to prior work, is deficient. That deficiency warrants a remand.

There is, in addition, an error with respect to the law judge's rejection of Dr. Morse's opinion that the plaintiff could only rarely look down (Tr. 360). The law judge determined that the plaintiff could remain looking down frequently (Tr. 20, 21). Accordingly, he included in his hypothetical question the ability to look down on a sustained basis, as opposed to only occasionally (Tr. 414). The vocational expert testified that, if the plaintiff were limited to looking down occasionally, she would not be able to return to her past jobs of group home manager and job coach (id.). Under these circumstances, the law judge needed to provide an adequate explanation for

discounting Dr. Morse's opinion that the plaintiff could look down only rarely.

The plaintiff's limitation on her ability to look down arises from her neck condition. Objective tests showed that there was probable disc herniation at C5-6 and probable nerve root compression at C6, as well as mild bulging at C4-5 (Tr. 346). A colleague of Dr. Morse at Florida Orthopaedic Institute was planning to perform surgery for this problem, but that could not go forward due to a lack of insurance coverage (Tr. 264).

The law judge could not reasonably discount Dr. Morse's opinion that the plaintiff could look down only rarely on the ground that the opinion was outside his area of expertise. While Dr. Morse was not the treating physician for the plaintiff's neck problem – it was another doctor at Florida Orthopaedic Institute – the problem was certainly within his field of expertise in orthopedics. In addition, it was a problem he was clearly familiar with (id.). Moreover, his opinion is supported by objective medical findings. The law judge therefore has failed to provide good cause for rejecting Dr. Morse's opinion that the plaintiff could look down only rarely.

These errors are enough to warrant a remand. Consequently, it is unnecessary to evaluate the issue of whether the law judge, contrary to Dr.

Morse's opinion (Tr. 360), could reasonably find that the plaintiff could lift ten pounds frequently.[3] However, on remand that problematic issue deserves particular attention.

It is also unnecessary to address the plaintiff's contention that the law judge improperly discounted the opinions of Dr. Valencia, the primary care physician. Nevertheless, it is noteworthy that Dr. Valencia's opinions are consistent with, and support, Dr. Morse's opinions.

Finally, the plaintiff argues that the law judge did not consider her obesity in combination with her other musculoskeletal impairments and, consequently, did not pose a proper hypothetical question to the vocational expert (Doc. 17, pp. 18-20). However, the law judge specifically found that the plaintiff's obesity was a severe impairment. Moreover, he stated that "the claimant's obesity, considered solely and in combination with her other medically determinable impairments, still does not give rise to an impairment that meets or medically equals the severity requirements of any listed impairment" (Tr. 16). This statement indicates that the law judge considered

---

[3] It is noted that neither Dr. Morse's opinion of November 25, 2003 (Tr. 264), nor the plaintiff's testimony (Tr. 402), answers that question.

the plaintiff's obesity in combination with her other impairments. Wilson v. Barnhart, 284 F.3d 1214, 1224-25 (11th Cir. 2002).

Furthermore, the law judge in his finding of the plaintiff's residual functional capacity restricted her to a range of light work. The plaintiff did not identify any additional limitations that should be imposed due to her obesity (see Doc. 17, pp. 18-20). Therefore, this contention is unpersuasive.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of June, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE